Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:    (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Dawn Meier*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Dawn Meier,<br><br>             Plaintiff,<br><br>      v.<br><br>Life Insurance Company of North America, Jones & Stokes Associates, Jones & Stokes Associates Employee Disability Plan,<br><br>             Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Dawn Meier (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

*Jurisdiction*

1.      Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits.  In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

*Parties*

2. Plaintiff is a resident of Maricopa County, Arizona.

3. Upon information and belief, Jones & Stokes Associates (hereinafter referred to as the "Company") sponsored, subscribed to and administered a group disability insurance policy which was fully insured and administered by Life Insurance Company of North America (hereinafter referred to as "LINA"). LINA is a wholly owned subsidiary of the Cigna Corporation. The specific LINA *short term* disability policy is known as group policy LK 750015. The specific LINA *long term* disability policy is known as group policy LK 0960244. The Company's purpose in subscribing to the LINA policies was to provide disability insurance for its employees. Upon information and belief, the LINA policy may have been included in and part of the Jones & Stokes Associates Employee Disability Plan (hereinafter referred to as the "Plan") which may have been created to provide the Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, the Company or Plan may have delegated responsibility for the plan and/or claim administration of the policy to LINA. Plaintiff believes that as it relates to her claim, LINA functioned in a fiduciary capacity as the Plan and/or Claim Administrator.

5. Upon information and belief, Plaintiff believes LINA operated under a conflict of interest in evaluating her claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of benefits; *to wit,* LINA's conflict existed in that if it found Plaintiff was disabled it was also liable for payment of those benefits.

6. The Company, Plan and LINA conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

### *Venue*

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

### *Nature of the Complaint*

8. Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled.

9. After working for the Company as a loyal employee, Plaintiff became disabled on or about August 29, 2007 due to serious medical conditions and was unable to work in her designated occupation as a Senior Air Quality Specialist. Plaintiff has remained disabled as that term is defined in the relevant policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

10. Following her disability, Plaintiff applied for short term and long term disability benefits as well as waiver of life insurance premium.

11. The relevant *short term* disability policy provides the following definition of disability:

> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
>
> 1. unable to perform the material duties of his or her Regular Occupation.

12. The relevant *long term* disability policy provides the following definition of a covered disability which applies to Plaintiff's claim:

> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
>
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

13. In support of her claim for long term disability, Plaintiff submitted to LINA medical records from her treating physicians supporting her disability as defined by the relevant LINA policy.

14. LINA paid Plaintiff short term disability benefits from September 13, 2007 through January 30, 2008.

15. LINA notified Plaintiff that it would stop paying short term disability benefits and was denying her claim for long term disability benefits based on an alleged pre-existing condition limitation in the policy.

16. Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed the denial of her claim for short term and long term disability benefits and waiver of life insurance premiums. In support of her appeal, Plaintiff submitted additional medical evidence to LINA demonstrating her total disability as defined in the relevant LINA policy.

17. LINA notified Plaintiff in a letter dated October 27, 2008 that it had completed its review of her claims and was again denying her claim for short term and long term disability benefits as well as waiver of life insurance premium.

18. Plaintiff appealed LINA's denial through the State of California Department of Insurance in a letter dated June 8, 2009.

19. LINA notified Plaintiff in a letter dated June 25, 2009 that it had again denied her claim for short term and long term disability benefits as well as waiver of life insurance premium.

20. In a letter dated March 18, 2010, Plaintiff appealed the June 25, 2009 denial of her claim for short term and long term disability benefits as well as waiver of life insurance premium.

21. In support of her appeal, Plaintiff submitted to LINA a September 30, 2009 letter from her treating board certified physician who opined Plaintiff's disabling medical conditions were not pre-existing and that "a number of other new symptoms and new conditions [Plaintiff] had developed…"

22. In further support of her appeal, Plaintiff submitted to LINA a narrative letter dated August 2008 from another treating board certified physician who opined Plaintiff remained disabled through the date of her last visit.

23. In further support of her appeal, Plaintiff submitted to LINA a narrative letter dated May 6, 2010 from one of Plaintiff's treating physicians who opined that based on the chronic nature and severity of her condition, Plaintiff is unable to work in any occupation.

24. In further support of her appeal, Plaintiff submitted to LINA a Functional Capacity Report dated April 20, 2010 which determined after an evaluation of Plaintiff's serious medical conditions that Plaintiff is unable to perform even sedentary work.

25. Further supporting her appeal, Plaintiff submitted to LINA a vocational report dated April 19, 2010.  The vocational expert concluded, "based on my interview of [Plaintiff] and a review of her medical record, I conclude that she is unable to engage in any gainful work activity in the competitive labor market.  She has been unable to work in the competitive labor market since October 2007."

26. Prior to filing this complaint, Plaintiff had not received a decision on her appeal and with the filing of this complaint has deemed [1] her appeal and claim denied. Pursuant to 29 C.F.R. § 2560.503-1(1) Plaintiff is deemed to have exhausted her administrative levels of review and has a right to bring this civil action.

27. Plaintiff believes a reason LINA terminated her claim for short term and long term disability benefits as well as waiver of life insurance premium, is due to its aforementioned structural financial conflict of interest in that it was the sole decision maker with regard to whether Plaintiff was disabled pursuant to the policy and the payor of benefits if it approved Plaintiff's claim. Plaintiff believes her short term disability benefits were terminated because if she exhausted her short term disability benefits, LINA would be liable to pay her long term disability benefits.

28. In evaluating Plaintiff's claim on appeal, LINA had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [2]

---

[1] "If a Plan fails to follow its prescribed claims procedure, in this instance by deciding the appeal within 90 days, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under § 502(a) of the Act."29 C.F.R. § 2560.503-1(1 )." *See Swanson v. Hearst Corp. Long Term Dis. Plan*, 2009 U.S. App. LEXIS 24055 (5th Cir.).

[2] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

29. Plaintiff believes the reason LINA provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to the dual roles it undertook as decision maker and payor of benefits which created an inherent conflict of interest and this conflict may also be the reason the Plan retained LINA to administer her disability claim.

30. Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of LINA and any individual who reviewed her claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced LINA's decision to deny her claim.

31. With regard to whether Plaintiff meets the definition of disability set forth in the Plan, the Court should review the evidence in Plaintiff's claim *de novo,* because even if the Court concludes the Plan confers discretion, the unlawful violations of ERISA committed by the Plan and its administrators as referenced herein are so flagrant they justify *de novo* review.

32. As a direct result of LINA's decision to deny Plaintiff's disability claim she has been injured and suffered damages in the form of lost disability benefits, lost waiver of premium benefits, in addition to other potential employee benefits she may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled.

33. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

34. Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' unjustified denial of payment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

1     A.    For an Order requiring Defendants to pay Plaintiff disability and waiver of life insurance premium benefits and any other employee benefits she may be entitled to as a result of being found disabled pursuant to the Plan from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon, as well as any other employee benefits she may be entitled to from the Plan and/or Company as a result of being found disabled;

    B.    For an Order finding Plaintiff is disabled due to a medical condition which is not subject to a pre-existing condition limitation on the payment of benefits in the policy and directing Defendants to pay Plaintiff disability and waiver of life insurance premium benefits until such time as she meets the Plan or policy conditions for termination of benefits;

    C.    For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

    D.    For such other and further relief as the Court deems just and proper.

DATED this 14th day of January, 2011.
SCOTT E. DAVIS. P.C.

By:    */s/ Scott E. Davis, Esq.*
       Scott E. Davis, Esq.
       Attorney for Plaintiff